

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| vs. § | Criminal Action No.: 1:03-0726-MGL-1 |
| § | |
| MARION MAYS, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO REDUCE HIS SENTENCE
UNDER THE FIRST STEP ACT**

### I. INTRODUCTION

Pending before the Court is Defendant Marion Mays's (Mays) supplemental motion to reduce his sentence under Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the First Step Act). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Mays's motion to reduce his sentence will be granted.

### II. FACTUAL AND PROCEDURAL HISTORY

Mays pled guilty to conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (the Conspiracy Count) and three counts of distributing a quantity of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(C) (the Distribution Counts).

At sentencing, on July 21, 2005, Mays was assigned a criminal history category of four, which reflected, among other things, his previous convictions of distribution of a controlled substance in state court, for which he was sentenced to twenty years.

Mays's base offense level was enhanced by a cross-reference to first degree murder. Evidence showed that Mays, his brother Darrell Mays (Darrell), and Richard Dublin (Dublin), before their arrest, killed a suspected informant. They took the suspected informant to a wooded area, where Mays, Darrell, and Dublin all shot him. Mays then attempted to dispose of the suspected informant's body by burning it and dissolving it in acid. This resulted in a guideline sentence of life for each of them.

Judge Seymour sentenced him to a life sentence on the Conspiracy Count and concurrent thirty-year sentences on the Distribution Counts, followed by ten years of supervised release as to the Conspiracy Count and six years of supervised release as to each of the Distribution Counts, also to run concurrently.

So far, Mays has served about twenty years of his sentence. Judge Seymour denied Mays's previous First Step Act motion because of the murder cross-reference. She also initially denied Darrell's and Dublin's—who also received life sentences—First Step Act motions. Ultimately, however, she reduced their sentences to thirty years.

Mays has participated in programming while at the Bureau of Prisons (BOP), such as anger and conflict management. Moreover, Mays intervened to protect inmates and officers when another inmate attempted to assault them with a lock placed inside a sock. And, his BOP work performance review reflects "[h]e remains positive and motivate[s] others around him, including" officers. BOP Work Performance Review at 1. But, Mays was disciplined twice in March 2013 for phone abuse.

Mays sought appointment of counsel to evaluate his case in light of the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). The Clerk of Court reassigned the case to the undersigned Judge, who ordered counsel appointed. Counsel ultimately filed the instant motion, the government responded, and Mays replied.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

Under the First Step Act, the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the [g]overnment, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act reduces the sentencing disparity between powder and crack cocaine, and Section 3 eliminates mandatory minimum sentences for simple possession. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

A covered offense "means a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222.

In considering a motion under the First Step Act the Court must recalculate the guideline range and consider the 18 U.S.C. § 3553(a) factors of sentencing. *United States v. Chambers*, 956 F.3d 667, 672, 674 (4th Cir. 2020).

The Court "may then consider postsentencing conduct or nonretroactive changes [in the law] in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark[,]" *Concepcion*, 142 S. Ct. at 2402 n.6, and must consider them if the

3

parties raise them, *id.* at 2396. "By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id.*

IV.   **DISCUSSION AND ANALYSIS**

   A.   *Whether the Court should deny Mays's motion as procedurally barred*

Mays maintains his motion is unbarred by the First Step Act's prohibition against successive motions because Judge Seymour's previous denial failed to completely review the merits. The government posits *Chambers* applies only in First Step Act motions involving guideline errors.

Under Section 404 of the First Step Act, "[n]o court shall entertain a motion made under Section 404 to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the merits." First Step Act § 404(c).

As described above, Judge Seymour denied Mays's previous motion because his guideline sentence was unchanged by the Fair Sentencing Act due to the murder cross-reference. Without the benefit of *Chambers* and *Concepcion*, she determined relief was unwarranted. As a result, she neglected to conduct a full analysis of the Section 3553(a) factors.

As discussed above, however, *Chambers* requires an analysis of the Section 3553(a) factors, 956 F.3d at 672, 674, and *Concepcion* requires consideration of postsentencing conduct, if raised by the parties, 142 S. Ct. at 2402 n.6. The Court disagrees with the government's assertion that *Chambers* limits its holding to cases involving guideline errors. *See Chambers*, 956 F.3d at 674 (holding the Section 3553(a) factors apply in the § 404(b) resentencing context because "§ 3553(a) is triggered whenever a district court impose[s] a sentence, and § 404(b) uses the verb impose'" (internal citations omitted) (internal quotation marks omitted).

4

Because Judge Seymour neglected to fully analyze the 3553(a) factors considering Mays's postsentencing conduct, she failed to conduct a complete review of the merits. Therefore, there is no procedural bar to Mays's motion, and the Court may consider it on the merits.

### B. *Whether the Court should reduce Mays's sentence*

As an initial matter, although Mays's guideline sentence remains unchanged, the parties agree, save for the discussion above, that Mays was convicted of a covered offense and is thus eligible for consideration of relief under the First Step Act.

The Court will use this guideline of a life sentence as a benchmark and turn to the Section 3553(a) factors to determine whether a reduction in Mays's sentence—a variance from the guideline—is appropriate in this case.

Mays contends the Section 3553(a) factors warrant a reduction in his sentence to thirty years. The government insists the egregiousness of the offense conduct necessitate a longer sentence.

The Section 3553(a) factors instruct the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . [;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

5

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature of Mays's offenses of conviction is undoubtedly serious.  Most alarmingly, Mays was involved in the murder and dismemberment of the suspected informant.  The Court is also concerned by Mays's criminal history, and the fact that his twenty-year state court sentence appears to have failed to act as a deterrent to criminal behavior.

But, the Court notes that Mays has had access to and taken advantage of rehabilitative programming during his nearly twenty years in the BOP, including anger management courses.  Moreover, as described above, Mays intervened to protect inmates and officers from an assault, which the Court commends.  The Court also agrees that Mays's "journey toward rehabilitation is especially noteworthy because [he] was given a life sentence and had no idea that [subsequent changes in the law] would eventually arrive to give [him] a glimmer of hope." *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019).

True, Mays had two infractions for phone abuse in March 2013.  But, these infractions appear relatively minor, and are a decade old.  Overall, Mays's conduct while incarcerated weighs in favor of a reduced sentence.

Another important factor to consider is the need to avoid unwarranted sentencing disparities.  As described above, Mays's coconspirators, Darrell and Dublin, each originally received a life sentence as well.  But, under the guidance provided by the Fourth Circuit in *Chambers*, Judge Seymour subsequently reduced their sentences to thirty years.  *United States v. Darrell Mays*, 1:03-cr-726-MBS-2, ECF No. 651 (D.S.C. Feb. 24, 2021); *United States v. Dublin*, 1-03-CR-834-MBS, ECF No. 175 (D.S.C. Dec. 20, 2021).

The government argues that Mays is undeserving of a commensurate sentence reduction because he orchestrated the death of the suspected informant. Mays emphasizes that he, Darrell, and Dublin committed the homicide together, and thus should receive comparable sentences.

The Court agrees with Mays. Although he may have been the instigator, all three people were present and participated. Their culpability, then, is similar. Thus, declining to reduce Mays's sentence would result in an unjust disparity.

Finally, with a reduction of Mays's sentence to thirty-years, Mays would be about sixty-five years old upon release. As the studies cited by Mays show, the risk of recidivism decreases sharply with age. *See* U.S. Sent'g Comm'n, *Older Offenders in the Federal System* (July 2022) at 5, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220726_Older-Offenders.pdf (showing that the recidivism rate of older offenders was less than half that of offenders under the age of fifty, and the recidivism events for older offenders were less serious as compared to offenders under the age of fifty).

The balance of the 3553(a) factors favors a reduction in Mays's sentence, given the reduction in his coconspirator's sentences and Mays's postsentencing conduct. A thirty-year sentence effectively balances the factors on each side of the scale. It is substantial, will serve the goals of sentencing, provide just punishment, promote respect for the law, and avoid unwarranted disparities.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Mays's motion to reduce his sentence is **GRANTED**. Specifically, Mays's sentence on the Conspiracy Count is reduced to **360 months**. All other terms of the judgment shall remain the same.

**IT IS SO ORDERED.**

Signed this 10th day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
